**Nabil MAISARI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72906.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 23, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Elias Z. Shamieh, Esq., Law Offices of Shamiyeh & Shamieh, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Susan Houser, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Nabil Maisari, a native and citizen of Yemen, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility determination, *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001), and deny the petition.

Substantial evidence supports the IJ's adverse credibility finding because Maisari's testimony regarding his detention and his co-worker was inconsistent, lacked

** This disposition is not appropriate for publication and may not be cited to or by the

specificity, and went to the heart of his asylum claim. *See id.* at 1043; *see also Singh–Kaur v. INS,* 183 F.3d 1147, 1153 (9th Cir.1999). Accordingly, he is not eligible for asylum. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Maisari failed to demonstrate that he was eligible for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See id.*

Although both parties make contentions regarding relief under the Convention Against Torture ("CAT"), our review reveals the agency did not address any claim for relief under CAT. Therefore, we decline to address these contentions. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

### PETITION FOR REVIEW DENIED.